# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

AMALIA FONTANE,

    Plaintiff,

v.                                                Case No. _____

**ELI LILLY AND COMPANY,**           **JURY TRIAL**
                                                              **DEMANDED**

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff Amalia Fontane ("Plaintiff" or "Ms. Fontane"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) and files this Complaint for Damages against Defendant Eli Lilly and Company ("Defendant" or "Lilly"), and shows the Court as follows:

## NATURE OF COMPLAINT

1. This action is brought to remedy employment discrimination in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 *et seq.* (ADEA), and in violation of the Florida Civil Rights Act of 1992 (FCRA), FL Stat. Sec. 760.01 *et seq*.

## CONDITIONS PRECEDENT

2. Ms. Fontane has fulfilled all conditions necessary to proceed with this cause of action under the ADEA and the FCRA.

3. Ms. Fontane filed her charge of discrimination on the basis of age and retaliation against the Defendant with the EEOC on December 2, 2019, Charge No. 410-2020-005920. *See Ex. A*.

4. The EEOC issued its Notice of Right to Sue on January 2, 2020. *See Ex. B*.

5. Ms. Fontane timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## JURISDICTION AND VENUE

6. Ms. Fontane invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331.

7. The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 29 U.S.C. § 621 *et seq.*, venue is appropriate in this Court.

## PARTIES

8. Ms. Fontane is a resident of Broward County, Florida.

9. Defendant is a foreign profit corporation licensed to do business in Florida, and at all times material hereto has conducted business within this District.

10. Defendant employs the requisite number of persons for the requisite duration under the ADEA and the FCRA.

11. Defendant may be served with process by delivering a copy of the summons and complaint to their Registered Agent, National Registered Agents, Inc. at 1200 South Pine Island Road, Plantation, Florida 33324.

## FACTUAL ALLEGATIONS

12. Ms. Fontane was an employee with Eli Lilly and Company for almost 17 years. At the time of her termination, Ms. Fontane was an executive sales representative living in Hollywood, Florida, and working for the Gulf Coast Region in Florida.

13. Defendant suddenly terminated Ms. Fontane on or about July 23, 2019. At the time of termination, Ms. Fontane was 52 years of age.

14. Defendant stated that there were duplicate call entries in the call log system and accused Ms. Fontane of purposefully falsifying calls.

15. Ms. Fontane staunchly disputed the accusation.

16. Ms. Fontane was the most senior, and the oldest, member on her team. Ms. Fontane was the only one who was investigated for "duplicate/falsified call entries." No other team member was audited, even though duplicate call entries were not uncommon. In the past, other team members had entered duplicate calls in error on many occasions, yet Ms. Fontane was the only one who was terminated.

17. In recent "Town Hall" meetings, Defendant had indicated a move toward a more millennial employee workforce.

18. Defendant has a pattern of passing over for promotion and terminating their experienced and older executive sales representatives in favor of a younger sales staff.

Ms. Fontane's former sales partner, Allison Alas, was just out of college and Ms. Fontane trained her prior to Ms. Fontane's termination. Ms. Alas is now in Ms. Fontane's position.

19. Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text as shown by Defendant's actions.

20. Defendant discriminated and retaliated against Ms. Fontane because of her age.

21. Others outside of the Ms. Fontane's protected classification were treated preferably.

## COUNT I: AGE DISCRIMINATION - ADEA
## 29 U.S.C. § 621, *et seq.*,

22. Ms. Fontane re-alleges paragraphs 1-22 as if set forth fully herein.

23. The ADEA prohibits employment discrimination on the basis of age.

24. At all times relevant, Plaintiff was a member of a protected class, i.e. she was over 40 years old.

25. Plaintiff was qualified to perform the position at issue.

26. Plaintiff's age was the determinative factor in Defendant's decision to terminate Plaintiff.

27. Others outside of Ms. Fontane's protected classes were treated differently.

29. Defendant's actions in subjecting Ms. Fontane to different terms and conditions of employment based on her age constitutes unlawful discrimination in violation of the ADEA, as amended. Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights.

30. Defendant has willfully and wantonly disregarded Ms. Fontane's rights, and Defendant's discrimination against Fontane was undertaken in bad faith.

31. The effect of the conduct was to deprive Ms. Fontane of equal employment opportunity, and otherwise adversely affect Ms. Fontane's status as an employee because of her age.

32. As a direct and proximate result of these actions, Ms. Fontane has been made a victim of acts causing lost compensation and benefits.

33. Pursuant to the ADEA, Ms. Fontane is entitled to damages, including but not limited to back pay and lost benefits, liquidated damages, reinstatement, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADEA.

## COUNT II: AGE DISCRIMINATION – FCRA
### Chapter 760, Fla. Stat., *et seq.*

34. Ms. Fontane re-alleges the preceding paragraphs 1-22 as if set forth fully herein.

35. The Florida Civil Rights Act (FCRA) prohibits discrimination in employment on the basis of age.

36. Ms. Fontane was qualified to perform her position at all times, but was treated differently than other employees on the basis of her age.

37. Defendant's actions in subjecting Ms. Fontane to different terms and conditions of employment, and ultimately her unlawful termination, based on her age constitutes unlawful discrimination in violation of the FCRA.

38. As a direct, natural and proximate result of Defendant's actions, Plaintiff has been injured, suffering a loss of wages and benefits, and humiliation.

39. Defendant's acts, more particularly alleged above, constitute violations of the Florida Civil Rights Act of 1992, as amended, Florida Statute §760.10 and §760.11 and were done with a knowing or reckless disregard of the FCRA's proscriptions.

40. Defendant's actions were so malicious and in such reckless indifference to the state protected rights of Plaintiffs as to entitle them to receive an award of punitive damages to punish them, and to deter it, and others, from such conduct in the future.

41. As a direct, natural, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

42. Ms. Fontane is entitled to all relief available pursuant to the FCRA.

### PRAYER FOR RELIEF

**WHEREFORE**, Ms. Fontane respectfully prays this court:
a. Assume jurisdiction over this action;
b. Award judgment against Defendant and for the Plaintiff;
c. Award Plaintiff back pay, liquidated damages and front pay;
d. Award Plaintiff compensatory damages for pain and suffering, mental and emotional distress, anxiety, humiliation, and any other injury in an amount to be determined by the enlightened conscious of the jury;
e. Award Plaintiff punitive damages against Defendant in an amount to be determined by the enlightened conscious of the jury to deter Defendant and others from similar misconduct in the future;

f. Award injunctive relief;
g. Award Plaintiff reasonable attorney's fees, expenses and costs of litigation;
h. Award Plaintiff pre and post-judgment interest;
i. Award Plaintiff such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable.

Respectfully submitted this 2nd day of April 2020.

      /s/ Lisa C. Lambert
Lisa C. Lambert
Florida Bar No. 495298
Law Office of Lisa C. Lambert
245 N. Highland Avenue
Suite 230-139
Atlanta, GA 30307
(404) 556-8759
lisa@civil-rights.attorney


**BARRETT & FARAHANY**

Adian Miller
Georgia Bar No. 174460
1100 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
(404) 214-0120
(404) 214-0125 (*facsimile*)
adian@justiceatwork.com
*Pro Hac Vice Application Forthcoming*

Attorneys for Plaintiff